17 F.3d 1433
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John L. GIBSON, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, Defendant-Appellee.
 No. 93-1360.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 8, 1993.
Decided Feb. 17, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CA-92-2085-JFM)
 Gerald Francis Gay, Baltimore, MD, for Appellant.
 Stephen Bennett Caplis, Whiteford, Taylor & Preston, Baltimore, MD, for appellee.
 Herbert J. Arnold, Baltimore, MD, for appellant.
 H. Russell Smouse, Whiteford, Taylor & Preston, Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John L. Gibson brought this action against his employer, CSX Transportation, Inc., under the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, alleging a loss of hearing as a result of the negligence of the railroad company. The district court granted CSX's motion for summary judgment, which was based on the sole ground that Gibson's action was barred by the applicable statute of limitations. We review the district court's grant of summary judgment de novo, Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.1991), cert. denied, 112 S.Ct. 1172 (1992), and affirm.
 
 
 2
 Gibson's employment with CSX began in 1968.[1] In 1975, he was transferred to the Transportation Department as a fireman, and he eventually became an engineer. On July 27, 1992, at the time he filed this action, he was still employed with the corporation. In his work, Gibson was exposed to loud noises from the air brakes, the ringing of the engine bell, and other railway sources.
 
 
 3
 Claims under the FELA must be brought within three years from the time of their accrual. 45 U.S.C. Sec. 56 (1988). The claim accrues when the plaintiff knows or should have known of his injury and the cause of it. Urie v. Thompson, 337 U.S. 163, 169-70 (1949); Young v. Clinchfield R.R. Co., 288 F.2d 499, 502-03 (4th Cir.1961).
 
 
 4
 CSX contends that Gibson became aware of his injury in March 1989 during a medical examination, when he recognized a hearing loss and associated it with his job. The date of this examination was over three years prior to the time Gibson filed his lawsuit in July 1992 and, therefore, outside the statute of limitations. Gibson acknowledges that he underwent the hearing examination in March 1989, but he insists that he was not advised of the result of these hearing tests.
 
 
 5
 He did receive a letter from CSX in May 1989, which informed him that his hearing in both ears was satisfactory for hearing and understanding conversation. Gibson contends that he was not aware of his hearing loss until he was tested by an outside physician in January 1990.
 
 
 6
 We will affirm a district court's grant of summary judgment if, after reviewing the pleadings, depositions, interrogatories, and affidavits, we are satisfied that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Temkin, 945 F.2d at 718; Fed.R.Civ.P. 56(c). Once the party moving for summary judgment has demonstrated the absence of an essential element of the opponent's case, the burden is on the party opposing the motion to make a sufficient showing to create a genuine issue of fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Although the evidence must be viewed in the light most favorable to the party opposing summary judgment, that party must nevertheless satisfy his burden of proof by offering more than a mere scintilla of evidence. The party opposing summary judgment must produce evidence sufficient for a reasonable jury to find in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 7
 In his deposition, Gibson admitted that during the course of his hearing examination in March 1989, he reported hearing difficulties, including "ringing" in his ears. He testified that at that time, he associated the "ringing" with his job. The issue for both the trial court and this court is whether there is a genuine issue of material fact concerning whether Gibson was aware of his hearing loss and its cause in March 1989, approximately three years and four months before he filed his FELA action. The district court, relying on Gibson's deposition testimony, held that no triable issue of fact had been created.[2] We agree and affirm based on the reasoning of the district court.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Gibson was initially employed with CSX's predecessor, Western Maryland Railway
 
 
 [2]
 As the district court correctly noted, CSX's letter of May 1989 did not advise Gibson that he had no hearing loss, only that his hearing was sufficient for hearing and understanding